James V. EARL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19316.

United States Court of Appeals
District of Columbia Circuit.

Aug. 16, 1966.

Before BAZELON, Chief Judge, and
FAHY, DANAHER, BURGER, WRIGHT, MC-
GOWAN, TAMM, and LEVENTHAL, Circuit
Judges, in Chambers,

## ORDER

PER CURIAM.

There not being a majority of the circuit judges of this circuit in favor of a rehearing of the above-entitled case by the court en banc the petition for rehearing en banc is denied.

Statement of Judge LEVENTHAL, with whom Chief Judge BAZELON and Judges FAHY and WRIGHT join.

I think the question is important enough to warrant en banc consideration. I have not reached a view on the merits, and of course a vote on such a petition, either way, does not necessarily import a view of the merits.

En banc courts are the exception—not the rule—and should be convened "only when extraordinary circumstances exist that call for authoritative consideration and decision by those charged with the administration and development of the law of the circuit." United States v. American Foreign S. S. Corp., 363 U.S. 685, 689, 80 S.Ct. 1336, 1339, 4 L.Ed.2d 1491 (1960). Such an issue is presented, in my view, concerning the proper judicial course in a case where the defendant proffers that a witness would testify defendant was not involved in the narcotics sale; the witness invokes his privilege against self-incrimination; and the prosecutor declines to invoke his authority to grant immunity whenever information is "necessary in the public interest" (18 U.S.C. § 1406), even though the witness has already pleaded guilty.

The important issue is to what extent the power to make testimony available through granting of immunity interrelates with the general principle that a prosecutor is not free to decline to make evidence available to defendant. Brady v. State of Maryland, 373 U.S. 83, 87–88, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). It is not irrelevant that Congress has provided for judicial action expediting proceedings against a co-defendant in order that he may become a witness for the defense. D.C.Code § 23–110.

The immunity statute was passed in furtherance of the search for truth; that quest would seem to extend to evidence favoring a defendant.

The panel's conclusion that there is a lack of judicial power to direct the granting of an immunity to the witness does not mean there may not be unfairness to the defendant in denying availability of testimony. By implication (see its note 1) the panel suggests there may be a remedy for at least some kind of unfairness.

Yet there are no findings by the trial court, nor remand by this court, to illuminate the issue whether the provision of immunity would have impaired or even threatened any interest of the prosecutor —other than the risk of acquittal in this case. This issue bears on the fairness of the prosecutor's course.

Perhaps the prosecutor should incur as a consequence not dismissal of the prosecution but a charge bringing the matter to the attention of the jury. No question of judicial power would be involved. Yet three months after Earl this court issued a decision holding that a missing witness instruction was not required, with dicta that a missing witness instruction would not be permissible, and indeed that the court "should instruct both counsel that they are to abstain from a 'missing witness' argument." Morrison v. United States, 124 U.S.App.D.C. ——, 365 F.2d

521, decided July 13, 1966. That opinion states that the judge could appropriately explain to the jury what had happened with respect to the witness—if both counsel approve. But he could not instruct the jury that they might draw an inference from the failure of the Government to grant immunity.

These are not easy questions. I am by no means clear how the answers should be written. I do say that the questions are novel and troublesome. They are significant in underlying conception, involving as they do the relation of the prosecution, defense and the courts. They are likely to recur. They seem to me to call for an authoritative decision after argument to and consideration by the court en banc.